UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NOELLE GAGE,

    Plaintiff,

v.

COX COMMUNICATIONS, INC.,

    Defendants.

Case No.: 2:16-cv-02708-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Partial Motion to Dismiss (#5). Plaintiff filed a response in opposition (#10) to which Defendant replied (#13).

**I. Background**

Plaintiff Noelle Gage claims that within the four years prior to filing her complaint, Defendant Cox Communications, Inc. ("Cox") made numerous calls to her cellular phone. Though Plaintiff informed Defendant that it was calling the wrong person, Plaintiff says that the calls continued. Plaintiff claims that Defendant uses an automated telephone dialer system to call her cellular phone, without her consent, thereby violating the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227.

In her complaint, Plaintiff alleges violations of the TCPA as well as Nevada's Deceptive Trade Practice Act ("NDTPA"). The NDTPA lists "[r]epeatedly or continuously conduct[ing] [a]

solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive or harassing" as a "deceptive trade practice." N.R.S. § 598.0918(2). Plaintiff claims that Defendant's harrassing phone calls violated the NDTPA and therefore she is entitled to relief for consumer fraud per N.R.S. § 41.600(e). Defendant moves to dismiss Plaintiff's NDTPA claims on the grounds that section 598 only applies to the sale of goods and services, and that Plaintiff has not made sufficient factual allegations to support a claim of consumer fraud.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[to]survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has

2

"alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Nev. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456, n.1 (Nev.1994). Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that they had authority to speak for the corporation, and what was said or written and when. *Smith v. Accredited Home Lenders*, 2016 WL 1045507, at *2 (D. Nev. 2016).

**III. Analysis**

Defendant asserts that Plaintiff has failed to state a claim for which relief can be granted in regards to her third cause of action. Plaintiff alleges that Defendant's harassing phone calls violated the NDTPA and she seeks damages for consumer fraud. Defendant argues that the NDTPA only applies to the sale of goods and services and is therefore not applicable to Defendant's calls, which were for debt collection purposes. Additionally, Defendant argues that Plaintiff has not met the heightened pleading standard for her claims of consumer fraud.

**A. The NDTPA Only Applies to the Sale of Goods and Services.**

Defendant argues that Plaintiff's third cause of action should be dismissed because the NDTPA only applies to the sale of goods and services. Plaintiff contends that while some sections of NRS § 598 only apply to the sale of goods and services, NRS § 598.0918(2) is not one of those

3

sections. However, this Court has previously held that the entirety of Section § 598 only applies to transactions involving goods and services. *Alexander v. Aurora Loan Services*, 2010 WL 2773796, *2 (D. Nev. July 8, 2010); *see also Archer v. Bank of America Corp.*, 2011 WL 6752562, *2 (D. Nev. December 23, 2011). Additionally, N.R.S. § 80.015(1)(h) states that the act of "securing or collecting debts" does not constitute doing business in Nevada and is therefore not applicable to the NDTPA. *See Baeza v. Bank of America N.A.*, 2012 WL 4062809, *4 (D. Nev. September 14, 2012). Plaintiff has not plead that Defendant's phone calls involved the sale of goods or services. In fact, Plaintiff concedes that the calls were in regards to debt collection. Therefore, the NDTPA does not grant Plaintiff a right to relief. *Alexander*, 2010 WL 2273796 at *2. Plaintiff's third cause of action under the NDTPA is dismissed.

### B. Plaintiff's claims of fraud are not sufficiently plead.

Also, Defendant argues that Plaintiff's third cause of action should be dismissed because her claims of consumer fraud failed to meet the heightened pleading standards of Rule 9(b). Plaintiff argues that claims brought under NRS § 41.600 are not subject to the heightened standard and therefore her claim is sufficiently plead. Rule 9 requires that a party claiming fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This includes the time, place, and content of the misrepresentation. *Swartz*, 476 F.3d 756 at 764. Claims of consumer fraud, brought under NRS § 41.600, "must satisfy NRCP 9(b)'s heightened pleading standards." *Davenport v. Homecomings Financial, LLC*, 2014 WL 1318964 *2 (Nev. March 31, 2014). In the present case, Plaintiff has failed to allege the required time, place, and content of the alleged fraud. Plaintiff argues that she has sufficiently plead a deceptive trade practice as defined in NRS § 598, which is all that is needed to bring an action under section 41.600(e). However, for the reasons previously mentioned, section 598 does not provide Plaintiff with a remedy in this situation. Plaintiff's third cause of action is not sufficiently plead. Fed. R. Civ. P. 9(b). The Court would normally grant Plaintiff leave to amend, but doing so would be futile.

4

**IV. Conclusion**

Accordingly **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (#5) is **GRANTED.**

Dated this 26th day of April, 2017.

_____
Kent J. Dawson
United States District Judge