# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NOELLE GAGE,

    Plaintiff,

v.

COX COMMUNICATIONS, INC.,

    Defendants.

Case No.: 2:16-cv-02708-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Motion to Stay (#6). Plaintiff filed a response in opposition (#12) to which Defendant replied (#14).

**I. Background**

Plaintiff Noelle Gage claims that within the four years prior to filing her complaint, Defendant Cox Communications, Inc. ("Cox") made numerous calls to her cellular phone. Though Plaintiff says she informed Defendant that it was calling the wrong person, the calls continued. Plaintiff alleges that Defendant uses an automated telephone dialer system to call her cellular phone, without her consent, thereby violating the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. 227.

Defendant moves that this court stay action until *ACA International, et al. v. Federal Communication Commission and United States of America*, No. 15-1211 (D.C. Cir. July 19, 2015) is

decided. This case is a consolidated appeal of a 2015 Federal Communications Commission ("FCC") order regarding the TCPA. Defendant argues that the resolution of *ACA International* will resolve several central issues to the present matter, including: (1) the definition of autodialer; (2) the definition of "called party" for purposes of liability under the TCPA; and (3) whether a safe harbor exists for calls to numbers where a caller previously had consent to call, but the number was subsequently reassigned to someone other than the person who had given consent to be called.

**II. Legal Standard**

A court has discretionary ability to stay a proceeding as part of its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When deciding whether to stay a proceeding, a court should consider the parties' "the competing interests" that will be effected by the potential stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). The interests to consider include: (1) The possible damage that could result by granting the stay; (2) the hardship to the moving party if required to move forward, and ; (3) the degree to which granting the stay will complicate or simplify the "issues, proof, and questions of law which could be expected to result from a stay." *Id.* However, lengthy or indefinite stays are not permitted. *Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.,* 490 F.3d 718, 724 (9th Cir. 2007). Such stays effectively force the plaintiff out of court and run the danger of denying justice. *Id.*

**III. Analysis**

**A. Gage's Potential Damages.**

Plaintiff is seeking monetary damages and injunctive relief. Plaintiff does not argue that she would suffer any harm if Defendant's motion were granted, other than delay. Additionally, Plaintiff

has not plead that the alleged-harassing phone calls continue into the present, so that a delay in injunctive relief would be harmful to her. Therefore, the only potential damage that may result from a stay is that Plaintiff will have to wait longer for resolution of this case.

**B. Potential Hardship to Defendant.**

On the other hand, Defendant claims that it would suffer substantial hardship if it were required to spend money and resources on defending a case that might be significantly narrowed or resolved by the D.C. Circuit Court's ruling. This Court has found that both parties may suffer hardship when a case is not stayed in situations where a controlling precedent is under review by a higher court. *U.S. Bank, National Association v. SFR Investment Pool I, LLC*, 2017 WL 1025172, *3–4 (D. Nev. Mar. 15, 2017), *see also Wells Fargo Bank, N.A. v. MEI-GSR Holdings, LLC*, 2017 WL 1293012, *2 (D. Nev. Mar. 3, 2017). In the current case, both parties would be potentially harmed by unnecessary briefing and premature expenditures of time, attorney's fees, and resources if Defendant's Motion to Stay were not granted.

**C. Degree to Which a Stay Will Simplify the Issues**

While the D.C. Circuit Court is normally not binding authority on this Court, it has the exclusive jurisdiction to review and vacate an FCC ruling. 28 U.S.C. § 2342(1). If the D.C. Circuit Court vacates all, or part, of the FCC ruling, it will dispose of a substantial portion of the issues in this case. Staying this case pending the D.C. Circuit Court's ruling will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will simplify and streamline proceedings and promote the efficient use of the parties' and the Court's resources.

**D. The Stay Is Not Indefinite**

Plaintiff argues that granting Defendant's Motion would constitute an indefinite stay because it is unknown when the D.C. Circuit Court will reach a decision. However, final briefs have been submitted and the court has heard oral arguments on the matter. Therefore, the D.C. Circuit Court has a complete record on which to make its determinations regarding the FCC order. There is no reason

to assume that an order won't come reasonably soon. Therefore, the stay is not indefinite, nor unreasonably lengthy, because the length of the stay is directly tied to the proceedings in that case.

**E. Summary**

In the present case, the relevant factors weigh strongly in favor of staying this action pending the resolution of *ACA International*. Plaintiff would not suffer any significant harm from the delay, while Defendant would face unfair hardship if it were forced to defend a case that may be resolved. Additionally, staying the action will simplify the issues and help preserve judicial resources. Finally, because the stay is directly connected to the resolution of *ACA International*, it is not an unpermitted-indefinite stay. Therefore, the Court orders this action stayed. Once the D.C. Circuit Court proceedings in *ACA International* have concluded, either party may move to lift the stay.

**IV. Conclusion**

Accordingly **IT IS HEREBY ORDERED** that Defendant's Motion to Stay (#6) is **GRANTED.**

Dated this 26th day of April, 2017.

_____
Kent J. Dawson
United States District Judge